UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JORDAN LOWE, ET AL.                                                                                   Plaintiffs

v.                                                                                           Civil Action No. 3:24-cv-506-RGJ

ALEJANDRO GARCIA DEL TORO, ET AL.                                                          Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiffs Jordan Lowe ("Lowe") and Cailyn Godsey ("Godsey") (collectively "Plaintiffs") move to remand this action to Marion Circuit Court for failure to meet diversity jurisdiction requirements. [DE 7]. Defendant Spirit Logistics Network, Inc. ("Spirit") responded [DE 8]. Plaintiffs have not replied and the time to do so has passed. The motion is ripe. For the reasons below, Plaintiffs' Motion to Remand [DE 7] is **GRANTED**.

**I.      BACKGROUND**

Plaintiffs' claims arise out of a December 4, 2023 motor vehicle incident. [DE 7 at 45]. Plaintiffs assert that Defendant Garcia Del Toro ("Del Toro") negligently operated his vehicle "when he failed to travel in the correct lane of the roadway and collided with Plaintiffs." [DE 1-1 at 13]. Plaintiffs allege that Del Toro operated the vehicle on behalf of his employer, Spirit, at the time of the incident, and as a result, Spirit is liable for Del Toro's negligence under "the doctrine of Agency, Respondeat Superior, and Vicarious Liability." [*Id*. at 14]. Pursuant to KRS § 452.450, Plaintiffs brought a claim for negligence. [*Id*.]. Plaintiffs filed their claims in Marion Circuit Court, and Spirit removed to federal court under diversity jurisdiction. [DE 1 at 1]. Plaintiffs now move to remand, asserting that the amount in controversy does not exceed $75,000, and they have filed

a signed stipulation, limiting the total amount of recovery between both Plaintiffs to no greater than $75,000. [DE 7 at 51; DE 7-2 at 55-6].

## II. STANDARD

Removal to federal court is proper for "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because plaintiff is master of the claim, a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Id.* at 872.

Plaintiffs do not dispute the parties' diversity, only whether the amount in controversy exceeds the diversity jurisdiction threshold of $75,000. [DE 7].

## III. ANALYSIS

To satisfy its burden of proving jurisdiction, Spirit asserts that (1) the pre-suit demand letter may be considered by the Court and is evidence that Plaintiffs claims exceed $75,000, (2) Plaintiffs' complaint does not demonstrate that they seek relief in an amount at or below the jurisdictional threshold, and (3) the stipulation is not unequivocal, and it reduces the amount in controversy. [DE 8].

### A. Pre-suit Demand Letter

Spirit argues that Plaintiffs' pre-suit demand is evidence as to whether the amount in controversy exceeds $75,000. [DE 1 at 5, DE 8 at 68]. In response, Plaintiffs argue that the pre-suit letter is barred by Fed. R. Evid. 408, and cannot be considered. [DE 7 at 47].

The Sixth Circuit has explained that "[a] settlement demand letter is 'some evidence' regarding the amount in controversy." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480-81 (6th Cir. 2014) (emphasis added) (quoting *Smith v. Phillips & Jordan*, Inc., 2011 U.S. Dist. LEXIS 7159, 2011 WL 250435, at *2 (E.D. Ky. January 24, 2011)). However, "[a] settlement demand letter is not necessarily dispositive evidence[.]" *Estate of Klope v. Consol. Res. Health Care Fund I, L.P.*, No. 5:17-CV-00065-TBR, 2017 U.S. Dist. LEXIS 197963, at *5 (W.D. Ky. Dec. 1, 2017). And "standing alone, [settlement letters] generally do not constitute a preponderance of the evidence." *Reynolds v. Wal-Mart Stores E., Ltd. P'ship*, No. 5:17-497-DCR, 2018 U.S. Dist. LEXIS 18067, at *4 (E.D. Ky. Feb. 5, 2018). "Within its examination, however, the Court must also determine whether the demand reflect[s] a reasonable estimate of the plaintiff's claim because pre-suit settlement demands often high-ball the worth of the case or significantly devalue it [] to avoid the risks of going to trial." *Washington v. Quick*, No. 3:22-cv-00001-GFVT, 2022 U.S. Dist. LEXIS 68253, at *7 (E.D. Ky. Apr. 12, 2022) (internal quotations omitted).

Here, the pre-suit demand letter ("demand letter") discusses only Plaintiff Lowe's claims. [DE 1-4 at 31]. The demand letter requests that "policy limits be tendered for [Lowe's] bodily injuries, in addition to the $6,000 he is owed for the loss of his vehicle." [*Id*. at 32]. However, the demand letter indicates that Lowe's medical bills totaled only $15,231.93. [*Id*.]. As a result, the total amount of Lowe's damages is $21,231.93, which alone is well below the jurisdictional threshold. Even considering the damages requested in the complaint and alleged in the demand

letter, the amount in controversy does not reach $75,000, as Plaintiffs do not request attorneys' fees or emotional damages, only compensatory damages, and prejudgment interest. [DE 1-1 at 14]. And even recognizing that the Plaintiff Godsey also has damages, there is no evidence provided in the demand letter that suggests that her damages would amount to two-thirds of the jurisdictional threshold.

Therefore, although the demand letter can be considered as relevant evidence of the amount in controversy, Spirit has failed to prove by a preponderance of the evidence that Lowe's demand letter requested more than $21,231.93, which is below the jurisdictional threshold. *See Reynolds*, 2018 U.S. Dist. LEXIS 18067, at *5. And even if the demand letter articulated damages over the jurisdictional threshold, that evidence alone is not enough.

However, the analysis does not end here, as the Court must look at all the evidence to decide whether the Spirit has a shown, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied. *See id*.

### B. Post Removal Stipulation

The Sixth Circuit has held "that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added); *see also Heyman v. Lincoln National Life Insurance Co.*, 781 Fed. App'x 463 (6th Cir. 2019). Courts in this District have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014)

(internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this district have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571 (W.D. Ky. Dec. 21, 2018), at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, [the] district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power, Inc.*, 2013 WL 3280244, at *3 (citing *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012)); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009).

Because Ky. R. Civ. P. 8.01 prevents a statement in the complaint, Plaintiffs have the right to make a post-removal stipulation to clarify, or re-assert that they will not seek or accept an award greater than an amount. *Agri-Power*, 2013 WL 3280244, at *1. Thus, Plaintiffs are not required to make their stipulation in the complaint but can stipulate the amount in controversy after removal; however, the stipulation must clarify the amount in controversy and be unequivocal.

*(1) Clarify the Amount in Controversy*

In the Motion to Remand, their post-removal stipulation, and their stipulation, Plaintiffs state that they will not pursue more than $75,000 collectively. [*See e.g.*, DE 7 at 47, 49-50; DE 7-2 at 55]. Although Spirit argues that Plaintiffs' statement is vague, Plaintiffs' stipulation expressly limits Plaintiffs to under $75,000 total in damages, in the aggregate, and is "binding on all parties in this case." [DE 8 at 64; DE 7-2 at 55]. Because Plaintiffs' stipulation matches the language found in the complaint that the amount in controversy does not exceed $75,000, Plaintiffs' stipulation is not an attempt to reduce the amount in controversy, but only a clarification re-asserting that they will not seek or accept an award greater than $75,000. *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman*, 2017 WL 6544826, at *1; *Tankersley*, 33 F. Supp. 3d at 780.

*(2) Unequivocal*

Plaintiffs' post-removal stipulation must also be "unequivocal" to defeat jurisdiction. *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment — [t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5.

Plaintiffs' statements include the required "seek nor accept" language. *See Jenkins*, 2018 WL 6728571, at *4. Specifically, Plaintiffs' stipulation states "[t]he Plaintiffs assert that the total amount of damages sought in this action does not exceed $75,000.000, exclusive of interests and

6

costs," and that "they do not seek and will not accept, if awarded, an amount of damages greater than $75,000.00[.]" [DE 7-2 at 55]. And Plaintiffs' motion to remand also states that "Plaintiffs have clearly and unequivocally asserted that their damages do not exceed the sum or value of $75,000.00." [DE 7 at 51]. As Plaintiffs used the required "seek nor accept" language in the complaint, motion to remand, and stipulation is an unequivocal clarification of the amount in controversy, the threshold requirement of 28 U.S.C. § 1332(a) is not satisfied.

As a result, this Court lacks jurisdiction over the matter as Spirit has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Plaintiffs' Motion to Remand [DE 7] is **GRANTED**.

2) The case is **REMANDED** to Marion Circuit Court.

February 3, 2025

Rebecca Grady Jennings, District Judge
United States District Court

Cc:    Marion Circuit Court